UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JENNIFER BARNER,

        Plaintiff,

  v.

        Case No. 20-cv-1032-pp

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's request indicates that she is not employed, she is not married, and she has no dependents she is responsible for supporting. Dkt. No. 2 at 1. The plaintiff's monthly income is $1,018 ($84 spousal retirement benefits, $355 food stamps, $579 widow benefits). Id. at 2. The plaintiff has monthly expenses of $1,061 ($660 rent,

1

$401 other household expenses). Id. at 2-3. The plaintiff does not own a car or her home or any other property of value, and she has no cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states, "I live with a friend and they help pay for my living expenses." Id. at 4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that she was denied benefits by the Commissioner of Social Security for lack of disability but that she is disabled due to breast cancer, obesity, hypertension, hyperlipidemia, degenerative disc disease, knee impairment, depression, and anxiety. Dkt. No. 1 at 2. The plaintiff claims that the Administrative Law Judge failed to give appropriate weight to the opinion of the agency's own psychological examiner and failed to address non-exertional limitations demonstrated by the record in his residual functional capacity finding. Id. The plaintiff alleges that the denial of benefits

by the Commissioner is not supported by substantial evidence under 42 U.S.C. §405(g) and all other applicable laws and regulations, including the weight of the evidence, the plaintiff's credibility, the medical evidence of record, and applicable evidentiary issues. Id. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 10th day of July, 2020.

                                **BY THE COURT:**

                                **HON. PAMELA PEPPER**
                                **Chief United States District Judge**